UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TURNER CORNELL MOONEYHAM, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-11-40 |
| | § | CRIMINAL NO. V-08-01 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION & ORDER
ADOPTING MEMORANDUM & RECOMMENDATION

On July 7, 2011, Movant Turner Cornell Mooneyham ("Mooneyham") filed a motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in

support (Dkt. Nos. 164, 165),[1] to which the United States of America ("the Government")

responded and moved to dismiss (Dkt. Nos. 179, 180) and Mooneyham replied (Dkt. Nos. 181,

182).

On July 2, 2012, United States Magistrate Judge Brian L. Owsley issued a Memorandum

and Recommendation (M&R) (Dkt. No. 183)  recommending that Mooneyham's § 2255 motion be

denied. Mooneyham timely objected to the M&R on July 18, 2012. (Dkt. No. 184.)[2]

I. Background

In July 2006, a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) agent began

investigating Mooneyham for federal firearms violations, specifically the illegal transporting of

guns to Mexico. ATF agents conducted several hours of surveillance at Mooneyham's residence

and checked ATF-4473 Forms at numerous businesses where Mooneyham made large purchases of

---

1.  Mooneyham certified that he delivered his § 2255 motion to prison authorities on July 7, 2011. (Dkt. No.
164 at 3.) Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal
paper in the hands of prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998).

2. The clerk did not receive Mooneyham's objections to the M&R until July 26, 2012; however, Mooneyham
certified that he mailed his objections on July 18, 2012. (Dkt. No. 184 at 10.) Under the mailbox rule, the Court finds
that Mooneyham's objections were timely filed. *See Spotville*, 149 F.3d at 376–78.

firearms, which revealed that Mooneyham was using an incorrect residential address. The investigation also uncovered other firearms violations, including the exporting of firearms. On June 29, 2007, a search warrant was executed at Mooneyham's residence. In addition to documents indicating Mooneyham was placing specific firearms orders for persons in Mexico, other evidence was seized, including a computer. A forensic search of the computer's hard drive confirmed information related to the firearms investigation.

During the forensic search of the hard drive on Mooneyham's computer, files containing what appeared to be child pornography were discovered. After obtaining a second warrant to specifically search for child pornography, image and video files found on the computer were placed on DVDs and provided to the National Center for Missing and Exploited Children (NCMEC). The NCMEC reviewed the DVDs and determined that the material was child pornography. Mooneyham's computer also contained other child pornography images and a software program frequently used to share child pornography over the internet.

Mooneyham was originally indicted on January 17, 2008 for making false statements during the purchase of firearms in violation of 18 U.S.C. §§ 924(a)(1)(A) and 924(a)(1)(D). On June 19, 2008, a 27-count Superseding Indictment was filed, and on August 21, 2008, a 28-count Second Superseding Indictment was filed. Counts 1–9 charged Mooneyham with knowingly making a false written statement of his residence to a federally licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. § 924(a)(1)(D). Counts 10–14 charged Mooneyham with knowingly making a false written statement of being the actual buyer to a federally-licensed firearms dealer, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 924 (a)(1)(D). Count 15 charged Mooneyham with knowingly or fraudulently exporting firearms from the United States to Mexico, in violation of 18 U.S.C. § 554. Count 16 charged Mooneyham with transporting firearms from the United States to

Mexico, with knowledge or reasonable cause to believe that a felony offense was to be committed, in violation of 18 U.S.C. § 924(b). Count 17 charged Mooneyham with knowingly engaging in the business of dealing firearms without a federal firearms license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 922(a)(1)(D). Counts 18–28 charged Mooneyham with possession of child pornography that had been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A).

On December 31, 2008, Mooneyham entered a conditional plea of guilty to Counts 10–17 pursuant to a Rule 11(c)(1)(B) written plea agreement, and the Government agreed to dismiss the remaining firearms charges. At Mooneyham's request, the Court severed the firearms charges from the child pornography charges.

On February 25, 2009, a Third Superseding Indictment was filed. Count 1 charged Mooneyham with possessing child pornography in violation of 18 U.S.C. § 2252A(a)(4). Count 2 charged Mooneyham with receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). On March 9, 2009, Mooneyham proceeded to trial on the child pornography charges, but then chose to plead guilty to both counts with an oral plea agreement.

Mooneyham was sentenced to 220 months in the custody of the Bureau of Prisons, a $1000 special assessment, and a supervised release term of life. Mooneyham appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the judgment of the Court on April 29, 2010. (Dkt. Nos. 149, 150.)

On July 7, 2011, Mooneyham filed the presently-pending § 2255 motion and memorandum of law in support, raising the following grounds for relief:

(1) His guilty plea was involuntary due to the alleged violation of his Fifth and Sixth Amendment rights because he was put to trial less than two weeks after the Third Superseding

Indictment was returned and because counsel failed to conduct any factual investigation into viable defenses to the charges against him;

(2) His Sixth Amendment right to effective assistance of trial counsel was violated when counsel: (a) advised him to enter a conditional guilty plea to the firearms charges on a non-dispositive issue, thus rendering his guilty plea to the firearms charges "invalid"; (b) advised him to plead guilty to the child pornography charges even though the March 2009 trial date violated his Speedy Trial Act rights; (c) failed to move to suppress evidence found on his computer when the search warrant for the contents of the computer was unreasonably delayed; (d) failed to advise him of the statutory maximum penalty and the effects of supervised release; (e) failed to reduce the oral plea agreement to the child pornography charges to writing and failed to inform Mooneyham that he faced life imprisonment on a supervised release revocation; (f) failed to bring the Government's breach of the plea agreement to the Court's attention; (g) failed to adequately prepare for trial by conducting any investigation or interviewing witnesses; (h) failed to seek any concessions for Mooneyham during plea negotiations; (i) failed to assert a Speedy Trial Act violation for the time between Mooneyham's initial appearance on the firearms charges and trial; and (j) failed to assert a double jeopardy violation as to the Third Superseding Indictment; and

(3) His Sixth Amendment right to effective assistance of appellate counsel was violated because counsel failed to raise the following issues on appeal: (a) Mooneyham's non-dispositive conditional plea; (b) various Speedy Trial Act violations; and (c) trial counsel's failure to file a proper suppression motion.

The Government moved to dismiss Mooneyham's § 2255 motion on the grounds that a number of his claims were conclusory, that the plea was voluntary as evidenced by the rearraignment proceedings, and that the record contradicted Mooneyham's remaining claims.

Mooneyham filed a reply and an amended reply, wherein he also challenged the Government's response because the Government failed to attach certified copies of the indictment, plea, and judgment as required by 28 U.S.C. § 2249.

The M&R recommends that Mooneyham's § 2255 motion be denied and that he be denied a certificate of appealability. The M&R also recommends that the Government's motion to enlarge the record to include trial counsel's affidavit (Dkt. No. 180) be granted and a number of other procedural motions filed by Mooneyham (Dkt. Nos. 158, 159, 160, 161, 162, 163) be denied.

Mooneyham has lodged a number of objections to the M&R, arguing that the following findings by the M&R are clearly erroneous: (1) that the Speedy Trial Act's 30-day rule was not violated; (2) that Mooneyham's guilty pleas were voluntary and valid; (3) that the Speedy Trial Act's 70-day time limit was not exceeded; (4) that trial counsel was not ineffective for failing to file a proper motion to suppress; (5) that there was no error in failing to advise Mooneyham of the statutory maximum penalty had his sentences run consecutively; (6) that Mooneyham cannot be imprisoned for more than five years for a supervised release violation; and (7) that the Government is not required to adhere to statutory requirements for habeas cases. Mooneyham also generally objects to the M&R's conclusions in Items H though M, at pages 30–35 of the M&R.

## III. Legal Standard

A district court that refers a case to a magistrate judge must review *de novo* any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. *See* FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *See id.* The district court may also receive additional evidence not presented to the magistrate judge. *Id.*

**IV. Analysis**

    **Objection No. 1: The M&R's finding that the Speedy Trial Act's 30-day rule was not violated**

    Mooneyham argues that the M&R errs in concluding that there was no Speedy Trial Act violation when he went to trial 12 days after his arraignment on the Third Superseding Indictment. According to Mooneyham, the M&R should not have relied on *United States v. Rojas-Contreras*, 474 U.S. 231 (1985), because *Rojas-Contreras* involved the mere correction of a clerical error in the indictment and was "severely undercut" by the Supreme Court's later decision in *Zedner v. United States*, 547 U.S. 489 (2006).

    The Speedy Trial Act provides in part that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed *pro se*." 18 U.S.C. § 3161(c)(2). As the M&R correctly states, the Supreme Court has held that the Speedy Trial Act "clearly fixes the beginning point for the trial preparation period as the *first appearance through counsel*. It does not refer to the date of the indictment, much less to the date of any superseding indictment." *Rojas-Contreras*, 474 U.S. at 234 (emphasis added). "Given this unambiguous language," the Court had "no choice but to conclude that Congress did not intend that the 30-day trial preparation period begins to run from the date of filing of a superseding indictment." *Id.* The Supreme Court did not limit its holding in *Rojas-Contreras* to cases involving clerical errors but did explain that it was not holding "that a defendant must always be compelled to go to trial less than 30 days after the filing of such an indictment." *Id.* at 236. As the M&R points out, the Court did not force Mooneyham to go to trial 12 days after the Third Superseding Indictment was filed, but instead asked Mooneyham at the March 2, 2009 pretrial conference whether he had sufficient time to prepare for a March 9, 2009 trial, and Mooneyham responded that he did. (Dkt. No. 139 at 3.)

Contrary to Mooneyham's claims, the Supreme Court's opinion in *Zedner* did not mention, let alone "undercut," its previous opinion in *Rojas-Contreras*. Instead, *Zedner* held that because a defendant may not prospectively waive the Speedy Trial Act's requirement that his trial commence within 70 days after he is charged or makes an initial appearance, the "petitioner's waiver 'for all time' was ineffective." *Zedner*, 547 U.S. at 503. Thus, Mooneyham's reliance on *Zedner* is misplaced.

Mooneyham further complains that the M&R fails to explain how his case is not controlled by *United States v. Storm*, 36 F.3d 1289 (5th Cir. 1994). The defendant in *Storm* initially appeared with counsel on February 12, 1993 and entered a plea of not guilty. *Id.* at 1291. At that time, the court set a hearing for February 19, 1993 to determine whether counsel's dual representation of the defendant and his codefendant constituted a potential conflict of interest. *Id.* At the February 19, 1993 hearing, the court determined that there was a conflict and appointed the Federal Public Defender to represent the defendant, and the defendant appeared with appointed counsel that same day. *Id.* at 1291–92. The defendant's trial commenced on March 15, 1993. *Id.* at 1292. On appeal, the defendant argued that he first appeared through actual trial counsel on February 19, and because his trial commenced less than 30 days later, § 3161(c)(2) of the Speedy Trial Act was violated. *Id.* at 1293. The Fifth Circuit agreed but nonetheless concluded that the defendant was not entitled to relief because he was unable to show that he was prejudiced by the § 3161(c)(2) violation. *Id.* at 1294.

Here, the record shows that attorney Joe Garza was initially appointed to represent Mooneyham, at Mooneyham's expense, on December 27, 2007. (Dkt. No. 5.) On February 19, 2008, the Court granted Mooneyham's motion to substitute attorney Keith Weiser in place of Mr. Garza. (Dkt. No. 21.) Mr. Weiser then represented Mooneyham throughout the remainder of this

case, including the trial on the child pornography charges beginning March 2, 2008—more than a year after Mr. Weiser initially appeared on Mooneyham's behalf. Thus Mooneyham's reliance on *Storm* is also misplaced.

Accordingly, Mooneyham's Objection No. 1 is **OVERRULED**.

**Objection No. 2: The M&R's finding that Mooneyham's guilty pleas were voluntary**

Mooneyham argues that the M&R erroneously concludes that there is no evidence on the record to support his claim that his pleas were involuntary. According to Mooneyham, the record shows that no one ever told Mooneyham that he could be imprisoned for up to 24 years for violating supervised release on the firearms charges or that he could be imprisoned for life for violating supervised release on the child pornography charges.

The M&R correctly concludes that, as a factual matter, Mooneyham's calculations are incorrect, as the longest period of imprisonment on revocation of supervised release is five years. *See* U.S.S.G. §§ 7B1.3, 7B1.4 & Revocation Table; *see also infra*, Objection No. 5A. Mooneyham can establish no prejudice from his allegation that trial counsel and the Court failed to advise him of factually erroneous information.

Mooneyham further complains that the M&R erroneously concludes that his plea to the firearms charges was not rendered invalid under *United States v. Bundy*, 392 F.3d 641 (4th Cir. 2004) and *United States v. McDonald*, 416 F. App'x 433 (5th Cir. 2011) (per curiam) (unpublished). According to Mooneyham, because his conditional plea to the firearms charges preserved the right to appeal both his motion to suppress the computer evidence and his motion to dismiss under the Speedy Trial Act, and the motion to suppress was not dispositive of the firearms charges, his entire plea is invalid.

The M&R first distinguishes *McDonald*, whereby the defendant was allowed to withdraw his unconditional guilty plea because he thought he had entered a conditional plea that would have preserved his right to appeal two previously-denied motions to suppress. *McDonald*, 416 F. App'x at 436. As the M&R correctly concludes, *McDonald* does not support the proposition that a defendant who enters a conditional plea on a non-dispositive issue is entitled to have his plea vacated.

The M&R also recognizes that, although the Fourth Circuit has held that "the presence of one non-case-dispositive issue in [a] conditional plea renders the entire plea invalid," *Bundy*, 392 F.3d at 649, the Fifth Circuit has not adopted this view. *See United States v. Christie*, 2011 WL 1376279, at *7 (W.D. La. Apr. 11, 2011) (rejecting Bundy as non-binding and finding "that the guilty plea was conditioned on a non-case-dispositive pretrial ruling, and if this is error, this is merely harmless error"). To this date, Mooneyham has failed to provide, and the Court is unable to locate, any case law to establish that *Bundy* has ever been applied by the Fifth Circuit. In fact, the Fifth Circuit's opinion in *United States v. Chambers*, 132 Fed. App'x 25 (5th Cir. 2005), suggests that that the Fifth Circuit would reject the *Bundy* approach.

In *Chambers*, the defendant moved the district court to suppress evidence of an unregistered firearm and inculpatory statements based on his claims that the search warrant used to search his house was unsupported by probable cause and that his statements were the fruit of an illegal arrest. *Chambers*, 132 Fed. App'x at 25. After the district court denied the defendant's motion to suppress, the defendant entered a conditional plea to possession of an unregistered firearm, reserving the right to appeal the district court's decision on his motion to suppress. *Id.* at 26–27. The Fifth Circuit granted the defendant's motion to suppress with respect to his inculpatory statements but nonetheless denied his request to withdraw his guilty plea on the grounds that the vast majority of

evidence challenged in his motion to suppress was admissible—including the unregistered firearm found in the defendant's bedroom—and the inculpatory statements were not the most damning evidence against the defendant. *Id.* at 34. The court further acknowledged that the parties had failed to cite any authority that the defendant's success on appeal with respect to the non-dispositive issue of the inculpatory statements was sufficient to allow him to withdraw his conditional guilty plea. *Id.* Thus, under *Chambers*, the presence of a single non-dispositive issue in a conditional plea does not render the entire plea invalid.

Accordingly, Mooneyham's Objection No. 5 is **OVERRULED**.

**Objection No. 3: The M&R's finding that the Speedy Trial Act's 70-day time limit was not exceeded**

Citing *United States v. Willis*, 958 F.2d 60, 64 (5th Cir. 1992), Mooneyham objects to the M&R's conclusion that because all the continuances in this case were granted at Mooneyham's request, they cannot form the basis of a Speedy Trial Act violation. Without explanation, Mooneyham further complains that the M&R "does not make any finding that the proper analysis was done, and indeed it was not." (Dkt. No. 184 at 5.)

Citing *United States v. Whitfield*, 590 F.3d 325, 358 (5th Cir. 2009), the M&R states that "a continuance requested or acquiesced to by a defendant is not a ground for a Speedy Trial Act violation." (Dkt. No. 183 at 24.) The court in *Whitfield* concluded that because the defendant consented to the continuance *and* the district court made a sufficient ends-of-justice finding on the record, there was no violation of the Speedy Trial Act. *Whitfield*, 590 F.3d at 358; *see also  Willis*, 958 F.2d at 64 ("Dismissal will be appropriate where the district court grants a continuance based solely upon a defendant's 'waiver' without identifying an applicable exception or performing an ends of justice analysis under § 3161(h)(8).").

Mooneyham's argument is valid to the extent that the M&R improperly stated that because all the continuances in this case were granted at Mooneyham's request, they cannot form the basis of a Speedy Trial Act violation. However, Mooneyham is not entitled to relief on this issue because, as acknowledged in the M&R, the Court made sufficient ends-of-justice findings on the record with respect to both of Mooneyham's requests for continuances. (Dkt. No. 75 (granting Mooneyham's motion to continue the November 12, 2008 trial date, finding that "pursuant to 18 U.S.C. Sec. 3161(h)(8)(A), the ends of justice served by granting of the continuance outweigh the best interests of the public and defendant in a speedy trial."); Dkt. No. 81 (granting Mooneyham's motion to continue the trial on the child pornography charges, again finding that "pursuant to 18 U.S.C. Sec. 3161(h)(8)(A), the ends of justice served by granting of the continuance outweigh the best interests of the public and defendant in a speedy trial".).)

Accordingly, Mooneyham's Objection No. 3 is **OVERRULED**.

**Objection No. 4: The M&R's finding that trial counsel was not ineffective for failing to file a proper motion to suppress**

Mooneyham next objects to the M&R's conclusion that trial counsel's failure to file a motion to suppress the computer evidence based on unreasonable delay was a "tactical" or "strategic" decision, as counsel's affidavit offers no explanation as to why he did not file such a motion to suppress. Citing *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009), Mooneyham argues that because there was a 112-day delay after his computer was seized until a warrant to search for child pornography was obtained, trial counsel was ineffective for failing to move to suppress the computer evidence on the grounds that the delay in obtaining the warrant was unreasonable.[3]

---

3. Trial counsel did move to suppress the computer evidence on other grounds, namely that the search warrant issued by Magistrate Judge Owsley on June 28, 2007, was defective because it commanded the officer "to search on or

In *Mitchell*, Immigration and Customs Enforcement (ICE) agents seized the defendant's computer hard drive, without a warrant, after the defendant admitted that it contained child pornography. *Mitchell*, 565 F.3d at 1349. Three weeks later, ICE agents obtained a search warrant for the hard drive and discovered images of child pornography. *Id.* at 1349–50. The defendant entered a conditional guilty plea to one count of receipt of electronic images of child pornography and preserved his right to appeal from the denial of his motion to suppress the evidence obtained from the hard drive of his computer. *Id.* at 1350. The Eleventh Circuit concluded that a 21-day delay in obtaining a search warrant for the seized computer hard drive was unreasonable under all the circumstances. *Id.* at 1351. The court recognized that "the only reason [the agent] gave for the twenty-one day delay in applying for the warrant was that he 'didn't see any urgency of the fact that there needed to be a search warrant during the two weeks that he was gone,' and that he 'felt there was no need to get a search warrant for the content of the hard drive until he returned back from training.'" *Id.* After a "careful balancing of governmental and private interests," the court concluded that "[w]hile the possessory interest at stake here was substantial, there was no compelling justification for the delay." *Id.* (citations and internal quotations omitted).

As set forth in the M&R, Mooneyham acknowledges that his computer was properly seized pursuant to a warrant to search for firearms violations. At that point, his right to possess the computer was abated until after the Government completed its search for evidence related to the firearms violations. It was only after the Government's forensic examiner began his examination of the computer for firearms violations that he saw file names within the computer that appeared to be child pornography, and it was not until that time that the Government developed probable cause to believe that a warrant to search for child pornography should be obtained. The record in this case

---

before July 6, 2006," which was an "impossible date." (Dkt. No. 43 at 1.) After a hearing and additional briefing by the parties, the Court denied the motion. (Dkt. No. 65.)

does not reveal how long the forensic examination took before the child pornography became apparent; however, the forensic examiner testified that the process involved removing the computer's internal hard drive and a second, personal media drive; creating two copies of each hard drive, one clone and one portable "universal forensic set"; reassembling the original computer; organizing data into "containers" based on file type using forensics software; and then searching through each individual container for information related to the firearms charges. (Dkt. No. 140 at 99–108.) The forensic examiner further testified that, as soon as he discovered video files that could possibly contain child pornography, he stopped his forensic exam and drafted a request for a warrant to search for child pornography. (*Id.* at 108–109.)

*Mitchell* is distinguishable from the facts of this case because here, unlike *Mitchell*, the Government had a warrant to search the computer, albeit for a different reason, at the time it was seized. Moreover, the Government did not have probable cause to believe the computer contained child pornography at the time it was seized. Finally, the Government's forensic examiner did not wait three weeks to seek a search warrant after he developed a reasonable suspicion that the computer contained child pornography, but instead he immediately sought a warrant to search for child pornography. Thus, Mooneyham's reliance on *Mitchell* is misguided.

As the M&R correctly concludes, Mooneyham has failed to show that any purported delay in obtaining a warrant to search for child pornography after the suspected video files were discovered warranted a motion to suppress; that he would have likely prevailed had such a motion been filed; or that trial counsel's failure to file such a motion "amounted to incompetence under 'prevailing professional norms," as is required for ineffective assistance of counsel claims. *See Harrington v. Richter*, — U.S. —, 131 S.Ct. 770, 788 (2011).

Accordingly, Mooneyham's Objection No. 4 is **OVERRULED**.

**Objection No. 5: The M&R's conclusion that there was no error in failing to advise Mooneyham of the statutory maximum penalty had his sentences run consecutively**

Mooneyham argues that the M&R erroneously fails to realize that, although the Court may have advised Mooneyham of the statutory maximum penalty of each charge, no one ever told him those punishments could run consecutively to each other.

The record shows that Mooneyham was not sentenced consecutively on any of the charges; thus, he cannot show prejudice from any alleged failure to warn him that his punishments *could* run consecutively.

Accordingly, Mooneyham's Objection No. 5 is **OVERRULED**.

**Objection No. 5A: The M&R's statement that Mooneyham cannot be imprisoned for more than five years for a supervised release violation**

Mooneyham argues that the M&R's conclusion that he can only receive a five-year sentence for a violation of the terms of supervised release "simply is not so." (Dkt. No. 184 at 7.) Mooneyham states that the M&R should not have cited to the Sentencing Guidelines, but instead to the "statutes that control." (*Id.* (citing 18 U.S.C. § 3583(e)(3)).) According to Mooneyham, based on the M&R's complete lack of understanding of the law, the M&R should be disregarded in its entirety.

In response to Mooneyham's erroneous claim that he is subject to up to life imprisonment for a violation of a term of supervised release on the child pornography charges and up to 24 years imprisonment for a violation of a term of supervised release on the firearms charges, the M&R explains that, "[u]pon revocation for a serious offense (Grade A or B violation) punishable by imprisonment of more than a year, the longest period of imprisonment on revocation is five years." (Dkt. No. 183 at 29 (citing U.S.S.G. §§ 7B1.3, 7B1.4 & Revocation Table).) The statute cited by Mooneyham likewise provides that "a defendant whose term [of supervised release] is revoked

14

under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony . . . ." 18 U.S.C. § 3583(e)(3). Regardless of whether the M&R cites the Sentencing Guidelines or the controlling statute, it is correct in its conclusion that Mooneyham is subject to a maximum of five years imprisonment for a violation of his supervised release.

Accordingly, Mooneyham's Objection No. 5A is **OVERRULED**.

**Objection No. 6: General objections to the M&R's conclusions in Items H though M**

Mooneyham next objects to the M&R's conclusions reached in Items H though M, pages 30 through 35. Without providing any detail, Mooneyham generally complains that the M&R ignores the facts and law and concludes that counsel was effective, despite the fact that trial counsel's affidavit shows that he has little memory of the events.

The M&R reaches a number of conclusions in Items H though M, specifically: (H) trial counsel's failure to reduce Mooneyham's plea agreement to writing with respect to the child pornography charges did not prejudice him; (I) Mooneyham's claim that trial counsel was ineffective for failing to bring the Government's breach of the plea agreement to the Court's attention during sentencing is without merit; (J) Mooneyham's claim that trial counsel failed to seek any concessions for Mooneyham during plea negotiations is conclusory and without merit; (K) Mooneyham's claim that trial counsel was ineffective for failing to assert a Double Jeopardy violation to the Third Superseding Indictment is without merit; (L) Mooneyham's claim that appellate counsel was ineffective for failing to raise the issues of the non-dispositive conditional plea, Speedy Trial Act violations, and trial counsel's failure to raise a proper suppression motion is without merit; and (M) Mooneyham's various requests for documents should be denied.

The Federal Rules of Civil Procedure provide that "a party may serve and file *specific* written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added). Here, Mooneyham fails to lodge *specific objections* to any *specific conclusions* contained in the six pages of the M&R about which he complains. Mooneyham also fails to explain how the fact that trial counsel is unable to recall every detail about the case has any impact on each of the M&R's conclusions reached in Items H though M, as set forth above.

Accordingly, Mooneyham's Objection No. 6 is **OVERRULED**.

**Objection No. 7: The M&R's failure to require the Government to adhere to statutory requirements for habeas cases**

Finally, Mooneyham argues that the M&R comes to the "utterly meritless conclusion" that the Government is not required to submit certified copies of all transcripts and documents in the record. According to Mooneyham, the Government's failure to submit such documents renders its response "fatally defective," and for this reason alone his § 2255 motion should be granted.

Like Mooneyham, the petitioner in *Hampton v. Wyrick* sought to compel the government to produce certain documents under 28 U.S.C. § 2249, including his indictment, plea, various transcripts, and judgment. *Hampton v. Wyrick*, 588 F.2d 632, 633 n.1 (8th Cir. 1978). The Eighth Circuit concluded that the district court did not err in denying the petitioner's motion, since "[m]uch of the information sought to be produced was part of the record before the district court." *Id.* Here, Magistrate Owsley ordered the Government to respond to Mooneyham's motion and to file with its answer "transcripts of all pertinent proceedings *that are not already part of the record.*" (Dkt. No. 171 (emphasis added).) Because the record in this case is fully available to the Court, the M&R did not err in concluding that there is no need for the Government to file documents that are already part of the record.

Accordingly, Mooneyham's Objection No. 7 is **OVERRULED**.

**V. Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1) Mooneyham's Objections to the M&R are **OVERRULED**;

(2) Magistrate Judge Owsley's Memorandum and Recommendation to Deny Movant's § 2255 Motion (Dkt. No. 183) is **ADOPTED** as the opinion of the Court;

(3) The Government's motion to enlarge the record to include trial counsel's affidavit (Dkt. No. 180) is **GRANTED**;

(4) Mooneyham's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No.164) is **DENIED**;

(5) Mooneyham's various procedural motions related to his § 2255 motion (Dkt. Nos. 158, 159, 160, 161, 162, 163) are **DENIED**; and

(6) Mooneyham is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 1st day of May, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE