United States District Court
Southern District of Texas
**ENTERED**
September 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § | |
| v. | § § | CRIMINAL NO. 6:08-01 |
| TURNER CORNELL MOONEYHAM, Defendant. | § § § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Turner Cornell Mooneyham's Request for Reduction in Sentence (D.E. 197), to which the United States of America (the "Government") has responded (D.E. 203).

## I. BACKGROUND

In 2008 and 2009, Defendant pled guilty to: five counts of making false statements during the purchase of firearms; smuggling goods from the United States; transporting firearms from Texas to Mexico; dealing in firearms without a license; possession of computer hard drives containing visual depictions involving minors engaging in sexually explicit conduct; and receiving visual depictions involving minors engaging in sexually explicit conduct. The offenses involved more than 500 firearms and more than 600 images involving the sexual exploitation of minors, some of whom were prepubescent.

Defendant has served approximately 170 months (77%) of his aggregate 220-month sentence and has a projected release date, after good time credit, of February 11, 2023. He now moves the Court for compassionate release because his age and underlying medical conditions (coronary heart disease, hypertension, obesity, and kidney disease) make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison. He also states that

his wife is vulnerable to COVID-19 and has no one to take care of her besides their two adult daughters. He submitted numerous administrative requests for compassionate release to the warden of FCI Bastrop, all of which were denied. *See* D.E. 197-3. The Government opposes compassionate release because Defendant is a danger to the community and is fully vaccinated against COVID-19.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United*

2

*States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

> **(A) Medical Condition of the Defendant.—**
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. §

3

1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

### A. COVID-19 Concerns

Defendant is 70 years old and suffers from coronary heart disease, hypertension, obesity, and kidney disease.[1] According to the Centers for Disease Control and Prevention's (CDC) most recent COVID-19 risk factor list, having heart disease, obesity, chronic kidney disease, and "possibly" hypertension "can make you more likely to get severely ill from COVID-19." *People with Certain Medical Conditions*, CDC (Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The Government acknowledges that "[a]n inmate who has not been offered a vaccine, who presents a condition on that list, presents an 'extraordinary and compelling reason' allowing consideration of compassionate release." D.E. 203, p. 20. Defendant, however, received his first dose of the COVID-19 Pfizer-BioNTech vaccination on January 20, 2021, and his second dose

---

1. These conditions appear well-controlled at this time with medication provided by the BOP, and Defendant's prognosis is good. He is fully ambulatory and able to perform instrumental activities of daily living.

5

on February 21, 2021. While the vaccine is not 100% effective at preventing infection, it substantially reduces the risk of serious illness or death from COVID-19, even in patients like Defendant with high-risk medical conditions.[2]

"Courts in this district have repeatedly denied compassionate release to high-risk inmates who have been vaccinated against COVID-19, 'finding that vaccination significantly reduces the risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection.'" *United States v. Rodriguez*, 2021 WL 2635381, at *4 (S.D. Tex. June 25, 2021) (Ramos, J.) (quoting *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (Rainey, J.) (denying compassionate release to inmate with underlying health conditions who had received first Pfizer vaccine dose), and citing *United States v. Schad*, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021) (Rainey, J.) (denying compassionate release to 32-year-old inmate with aortic valve transplant and history of cerebrovascular disease who received both doses of Pfizer vaccine); *United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021) (Rosenthal, Chief J.) (denying compassionate release to high-risk inmate who was offered and refused the Pfizer vaccine); *United States v. Wedding*, 2:19-CR-1693 (S.D. Tex. Apr. 8, 2021) (Ramos, J.) (denying compassionate release to inmate who developed asymptomatic COVID-19 infection

---

2. According to recent data:

> Updated topline results from analysis of 927 confirmed symptomatic cases of COVID-19 observed in their pivotal Phase 3 study through March 13, 2021, showing the Pfizer-BioNTech COVID-19 vaccine, BNT162b2, was 91.3% effective against COVID-19, measured seven days through up to six months after the second dose. The vaccine was 100% effective against severe disease as defined by the U.S. Centers for Disease Control and Prevention (CDC), and 95.3% effective against severe COVID-19 as defined by the U.S. Food and Drug Administration (FDA).

*Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns Through Up to Six Months Following Second Dose in Updated Topline Analysis of Landmark COVID-19 Vaccine Study*, Pfizer (Apr. 1, 2021) https://www.pfizer.com/news/press-release/press-release-detail/pfizer-and-biontech-confirm-high-efficacy-and-no-serious.

three weeks after receiving second Pfizer vaccine)). Because Defendant is "at little-to-no risk of severe COVID-19 [] after receiving his second Pfizer dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case." *See United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021)).[3]

### B. Family Circumstances

Defendant further moves for compassionate release because his wife's age and weakened immune system due to chemotherapy make her particularly vulnerable to COVID-19.

At least one court has held that a Defendant's "role as the *only potential caregiver* for his ailing mother is an 'extraordinary and compelling reason' for compassionate release." *United States v. Bucci*, 409 F. Supp. 3d 1 (D. Mass. 2019) (emphasis added). However, "[d]istrict courts in the Fifth Circuit have repeatedly declined to follow the *Bucci* decision where, as here, the defendant has failed to offer evidence that a family member is in fact incapacitated or that the defendant is the only available caretaker." *United States v. Rodriguez*, 2021 WL 1978830, at *2 (S.D. Tex. May 17, 2021).

In *Burkett*, the court explained:

---

3. Recent decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release. *See, e.g.*, *United States v. Burks*, 2021 WL 1394857, at *3-4 (W.D.N.C. Apr. 13, 2021); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021); *United States v. Burks*, 2021 WL 1291935, at *2 (D. Minn. Apr. 7, 2021); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021); *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021); *United States v. Williams*, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021); *United States v. Stewart*, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Wakefield*, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

> [E]ven if the Court were to apply *Bucci*, Burkett's family circumstances are not similar. First, Burkett has not shown that he is the only available caretaker for his father. Second, Burkett has provided no documentation that would allow the Court to determine that his father's health conditions rise to the level of incapacity. Without more evidence besides an unverified motion, the Court will not use Burkett's claims as evidence favoring compassionate release.

*United States v. Burkett*, 2020 WL 5747872, at *2 (N.D. Tex. Sept. 25, 2020) (citing *United States v. Broadus*, 2020 WL 4784686, at *3 (N.D. Tex. Aug. 18, 2020)).

The *Nevers* Court similarly reasoned:

> Unlike *Bucci*, in this case, there is no indication Petitioner is the only potential caregiver for her mother. Rather, the PSR indicates Petitioner has multiple other family members who are potential caregivers. Moreover, the PSR indicates Petitioner's mother was elderly and had ailing health before she was sentenced. Thus, there has been no new change in circumstances that might now warrant Petitioner's early release.

*United States v. Nevers*, 2019 WL 7281929, at *6 (E.D. La. Dec. 27, 2019). *See also Rodriguez*, 2021 WL 1978830, at *1 (denying compassionate release to care for aging mother and aunt where there was no evidence that either woman was incapacitated or required a caretaker, and the aunt's two grown sons were also potential caretakers); *United States v. Hudec*, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) ("Here, Defendant acknowledges that his mother is currently caring for his father. Defendant also has two brothers who have written the Court in support of his release. Thus, unlike Bucci, Defendant is not the 'only available caregiver' for his father.").

Here, there is no evidence that Defendant's wife is ill or incapacitated. Defendant also concedes that he and his wife have two grown daughters, including one who lives at home with her mother. His request for compassionate release based on family circumstances is therefore denied.

8

## IV. CONCLUSION

For the foregoing reasons, Defendant's Request for Reduction in Sentence (D.E. 197) is **DENIED**.

It is so **ORDERED** this 8th day of September, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE